JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Joseph Davis, III

**DEFENDANTS**
Clinton B. Riley, Sgt. Pierce, City of Daphne

(b) County of Residence of First Listed Plaintiff: Mobile, AL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Baldwin, AL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Hernandez & Associates Law Firm, LLC
1850 Airport Blvd, Mobile AL 36606
(251) 479-1477

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983

Brief description of cause:
Deliberate indifference of Serious Medical Need, Malicious Prosecution

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 400,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE: 10/03/2024
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JOSEPH DAVIS, III,<br><br>    Plaintiff,<br><br>v.<br><br>CLINTON B. RILEY,<br>SGT. PIERCE, CITY OF DAPHNE,<br><br>    Defendants, | CASE NO.: 1:24-cv-<br><br>JURY DEMAND |

## COMPLAINT

**COMES NOW,** JOSEPH DAVIS, III, by and through his attorneys James Adam Muns, and Christine Hernandez of the Hernandez & Associates Firm, LLC, and hereby complains against Defendants.

## NATURE OF THE CASE

This is a civil action arising from the deliberate indifference of serious medical need of the named Plaintiff, in violation of his rights secured by the Fourteenth Amendment to the Constitution of the United States, and enforceable through 42 U.S.C. §1983.

## PARTIES

1. The Plaintiff, JOSEPH DAVIS III, (herein after "Davis" or "Plaintiff") is over the age of 19 years and at all times relevant hereto was and is a resident of Mobile County, Alabama.

2. The Defendant, CLINTON B. RILEY, (herein after "Riley" or "Officer Riley") is over the age of 19 years and at all times relevant hereto was a resident of Baldwin County, Alabama. At all times relevant to the Complaint, Defendant was a duly sworn and licensed officer Daphne Police Department acting under color of law and within the scope of his position. He is sued in his individual capacity.

3. The Defendant, Sgt. PIERCE, (herein after "Pierce") is over the age of 19 years and at all times relevant hereto was a resident of Baldwin County, Alabama. At all times relevant to the Complaint, Defendant was a duly sworn and licensed officer Daphne Police

Department acting under color of law and within the scope of his position. He is sued in his individual capacity.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear the federal civil rights violations in this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4) and supplemental jurisdiction to hear the common law claims under 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391 because the acts giving rise to the lawsuit occurred in Baldwin County, Alabama.

## FACTS SUPPORTING CLAIMS

1. Plaintiff, Davis, was leaving work on or about October 10, 2022, from Eastern Shore Hyundai in Baldwin County, Alabama.

2. Upon exiting his place of employment to return home, Defendant Riley initiated a traffic stop on Davis.

3. Davis pulled off on the side of the highway 181, at or near the Exit 38 ramp for Interstate 10 West.

4. Defendant Riley approached Davis' vehicle and requested the customary documentation of license and proof of insurance.

5. Defendant Riley informed Davis that he was stopped for conducting an improper lane change during a U-turn; a contention that Davis denied ever occurred.

6. Davis informed Defendant Riley that he needed to get home quickly, as he suffered from Severe Hypertension, and that he did not have his necessary medication with him to keep the condition under control.

7. Davis continued that without his medication, he could suffer from a serious medical emergency threatening his health and potentially, even his life.

8. Defendant Riley ignored Davis' warning, and instead, continued on with the traffic stop.

9. Upon running Davis' information, it became apparent that there were no outstanding warrants, or any legitimate reason to detain Davis longer than necessary to issue a traffic citation.

10. Defendant Riley, however, refused to allow Davis to leave the traffic stop, while Davis' condition continued to worsen.

11. Defendant Riley claimed that he believed that Davis was operating his vehicle while under the influence of alcohol, and requested Davis give a breath sample by blowing into the "breathalyzer".

12. Davis consented to Riley's request, and blew into the breathalyzer, which showed no indication of alcohol in Davis' bloodstream, returning a result of 0.00.

13. Instead of releasing Davis at that point with a citation, Defendant Riley instead requested Davis to step out and perform a field sobriety test.

14. Davis complied with Defendant Riley's request, and performed the sobriety test, which he passed without incident.

15. Defendant Riley, however, refused to release Davis, and instead called for a superior officer, Sgt. Pierce.

16. Defendant Pierce arrived on scene of the traffic stop that was still in progress.

17. It soon became apparent to Davis that he would not be released anytime soon, and requested to call his daughter to bring him his medication, reiterating the serious nature of his condition.

18. Defendants Riley and/or Pierce refused to allow Davis to make that call, instead taking Davis' cell phone and turning it off.

19. Instead of recognizing the unreasonable nature of the traffic stop and releasing Davis, Defendant Pierce instead decided to reconduct the field sobriety test on Davis.

20. Throughout the pendency of the traffic stop, Davis' blood pressure continued to rise and go untreated, despite several pleas and warnings to Defendants Riley and Pierce.

21. Davis was issued citations for Improper Lights (no tag light), DUI – Controlled Substance, Careless Driving (for wide U-turn without signaling), and Pistol without a Permit.

22. Davis was detained for around three hours and was eventually arrested and taken to Baldwin County Jail for booking.

23. Davis' vehicle was also ordered to be towed away from the side of the road.

24. While in booking at Baldwin County Jail, Davis again requested to be allowed to call his daughter for his medication, and again was refused.

25. After spending roughly three to four hours in Baldwin County Jail, Davis was released on a recognizance bond, at which time an ambulance had to be called to immediately rush Davis to the hospital.

26. Davis was taken to Thomas Hospital Emergency Department where he was treated for severe uncontrolled high blood pressure, which remained above 215 for an extended period.

27. Extreme high blood pressure, when untreated for extended periods, can result in damage and tears in blood vessels, significantly increasing the likelihood of complications such as heart attack, kidney failure, and stroke.

28. As a direct result of this interaction, Davis' condition materially worsened until eventually, Davis suffered a series of strokes, leaving him severely impaired.

29. Furthermore, upon his return to work, Davis was unable to make another sale for an extended period of time, as a result of his detention directly across from his place of work harming his reputation.

30. All charges against Davis were eventually dropped, but Davis continues to suffer from the long-term effects of Defendants Riley and Pierce's deliberate indifference to his serious medical need.

31. Davis has been forced to suffer extreme long term health issues and the immense financial burdens associated with them, while also being forced to defend against trumped up charges.

32. All criminal charges against Davis were eventually dismissed, however, the long term effects of Officer Riley and Sgt. Pierce's indifference have resulted in extreme and protracted negative health consequences, with which Davis still suffers from today.

## CLAIMS

## COUNT 1 – DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED

33. At all times relevant to the facts and circumstances of this complaint, Defendants Riley and Pierce were officers working within the line and scope of Daphne Police Department, and under color of State law.

34. Defendants Riley and Pierce were each notified of the serious medical need of Plaintiff, and displayed a clear deliberate indifference to the same by failing and/or refusing to allow treatment.

35. As a result of the deliberate indifference of Defendants Riley and Pierce, Plaintiff suffered an extreme health event which led to a series of strokes and long term impairment.

WHEREFORE, premises considered, Plaintiff Joseph Davis, III requests this Honorable Court enter a Judgement against Defendants for compensatory and punitive damages, attorneys fees, and for any such other, further, or different relief to which he may be entitled.

## COUNT 2 – MALICIOUS PROSECUTION

36. At all times relevant to the facts and circumstances of this complaint, Defendants Riley and Pierce were officers working within the line and scope of Daphne Police Department, and under color of State law.
37. Defendants Riley and Pierce maliciously initiated charges against Plaintiff, without probable cause, and in violation of Plaintiffs clearly defined rights.
38. As a result of Defendants Riley and Pierce's malicious actions, Plaintiff was detained in Baldwin County Jail, and charged with offenses for which he was not guilty.
39. All charges brought against Plaintiff were subsequently dropped, and therefore, terminated in favor of the Plaintiff.
40. As a result of the malicious actions of Defendants Riley and Pierce, Plaintiff suffered extreme damages to his health, as well as pecuniary and reputational damages.

WHEREFORE, premises considered, Plaintiff Joseph Davis, III requests this Honorable Court enter a Judgement against Defendants for compensatory and punitive damages, attorneys fees, and for any such other, further, or different relief to which he may be entitled.

Dated this, the __3__ day of __October__, 2024.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## PLAINTIFF ATTESTATION

I am the Plaintiff in the above-styled action, I have read the foregoing Complaint and the facts stated herein are true and correct to the best of my knowledge.

_____
JOSEPH DAVIS, III, Plaintiff

STATE OF ALABAMA

COUNTY OF MOBILE

Personally appeared before me, the undersigned, a Notary Public, in and for said State and County, JOSEPH DAVIS, III, who having been first duly sworn, deposes and says that she has read the statements contained in the foregoing pleading and that the same are true and correct to the best of her knowledge and belief.

SWORN AND SUBSCRIBED before me on this the ___3___ day of ___October___, 2024.

_____
NOTARY PUBLIC

/s/ J. Adam Muns
JAMES ADAM MUNS (MUN019)
ASB: 1785N23W
Attorney for the Plaintiff
Hernandez & Associates Law Firm, LLC
1850 Airport Blvd
Mobile, AL 36606
(251) 479-1477
James@EqualizingJustice.com